UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL T. ROBSON, as Trustee of THE MICHAEL T. ROBSON REVOCABLE TRUST, <br><br> Plaintiff, <br><br> v. <br><br> DUCKPOND LTD., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) No. 4:19-CV-1862 CAS |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendants Duckpond Ltd., Tharros Emporium Ltd., and ICC Global Investments Ltd.'s motion to dismiss for improper venue pursuant to the doctrine of forum non conveniens. Plaintiff Michael T. Robson as Trustee of the Michael T. Robson Revocable Trust ("plaintiff") opposes the motion. For the following reasons, the Court will deny the motion.

**I.**     **Background**

Plaintiff is a citizen of the City of St. Louis, State of Missouri. Defendants Duckpond Ltd. ("Duckpond") and Tharros Emporium Ltd. ("Tharros") are corporations organized in the Republic of Cyprus ("Cyprus"). Defendant ICC Global Investments Ltd. is a corporation organized in Anguilla.

Plaintiff alleges the parties to this action executed a Promissory Note (the "Note"), in which the terms "required [Duckpond] to pay to the order of the Robson Trust the principal sum of Three Million One Hundred Seventy Thousand U.S. Dollars and Zero Cents ($3,170,000.00),

and to pay interest thereon from June 8, 2017, to maturity[.]" Compl. ¶ 12. This amount was to be satisfied by Duckpond by making monthly payments beginning on June 12, 2017 and ending on May 12, 2022. Id. Plaintiff alleges Duckpond failed to make payments on April 12, 2019, May 12, 2019, and June 12, 2019, causing the Robson Trust to exercise its option under the Note to declare all unpaid principal and accrued interest due immediately. Id. ¶¶ 13-19. Plaintiff claims Duckpond is in default and breach of the Note due to its failure to submit payment in full to the Robson Trust. Id. ¶ 20.

A copy of the Note is attached to plaintiff's complaint. The Note contains a forum selection clause, which provides in relevant part:

> This Note will be governed by and construed pursuant to the laws of the State of Missouri, United States of America . . . . Each of the parties hereto irrevocably submits to the exclusive jurisdiction of (a) the Circuit Court of St. Louis County, Missouri, USA and (b) the United States District Court for the Eastern District of Missouri, Eastern Division, for the purposes of any suit, action or other proceeding related hereto exclusively in the United States District Court for the Eastern District of Missouri, Eastern Division, or if such suit, action or other proceeding may not be brought in such court for jurisdictional reasons, in the Circuit Court of St. Louis County, Missouri, USA. Each of the parties waives any objection to jurisdiction or the laying of venue of any action, suit or proceeding arising out of this Note in (i) the Circuit Court of St. Louis County, Missouri, USA or (ii) the United States District Court for the Eastern District of Missouri, Eastern Division, and hereby further irrevocably and unconditionally waives and agrees not to plead or claim in any such court that any such action, suit or proceeding brought in any such court has been brought in an inconvenient forum[.]

Doc. 1-1 at 2.

Despite this language in the Note, defendants seek to have this case dismissed so it may be litigated in the Republic of Cyprus. Defendants state the Note was entered into as a result of a Purchase Agreement, in which defendants ICC Global and Tharros agreed to purchase all the

shares plaintiff owns in Duckpond, and which contains a forum selection clause. The forum selection clause in the Purchase Agreement provides in relevant part:

> This Agreement is governed by and shall be construed in accordance with Cyprus law and the competent courts of Cyprus shall have exclusive jurisdiction to hear and determine all claims, disputes and questions between/among the parties hereto as well as any suit, action or proceeding arising from or in connection with this Agreement and each party to this Agreement irrevocably submits to the jurisdiction of such courts.

Doc. 12-2 at 8. Defendants argue the Note merely memorializes the amount of the payment obligation required by the Purchase Agreement and despite the competing forum selection clauses, the forum selected in the Purchase Agreement should apply.

Defendants further argue that even though plaintiff did not reference the Purchase Agreement in his complaint, this lawsuit arises from the Purchase Agreement because it is "really a dispute about whether the payment obligation called for by the Purchase Agreement, and expressed only incidentally in the Note, was ever even owed." Doc. 12 at 11. Defendants contend this is not a narrow dispute concerning payments under the Note because defendants intend to bring a counterclaim alleging that the entire transaction was fraudulently induced by plaintiff. Specifically, defendants argue "the dispute over the Note is also about [p]laintiff's unlawful conduct in connection with his unilateral determination of the 'Purchase Price' for his sale of shares, on which ICC Global and Tharros relied (mistakenly) in agreeing to pay $3.1 million for the share purchase." Doc. 12. Thus, defendants argue that the Purchase Agreement is integral to defendants' anticipated defenses and counterclaims and to the merits of plaintiff's claims in the complaint, requiring the forum selection clause of the Purchase Agreement to trump the forum selection clause of the Note.

Plaintiff opposes defendants' effort to enforce the forum selection clause in the Purchase Agreement, arguing that he has pleaded nothing in his complaint to bring the Purchase Agreement into this lawsuit, that this is a simple breach of promissory note case, and defendants' allegations regarding fraudulent inducement are beyond the scope of the pleadings and should not be considered in the Court's venue analysis.

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(3) provides for a motion to dismiss for improper venue. Fed. R. Civ. P. 12(b)(3). The doctrine of forum non conveniens is the proper mechanism to enforce a forum selection clause that implicates a different state or foreign forum. Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex., 571 U.S. 49, 60 (2013). In resolving the issue, a court may examine facts outside the complaint, but it must draw all reasonable inferences and resolve all factual conflicts in the plaintiff's favor. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352 (3d ed.).

"A forum selection clause is 'prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.'" Bonny v. The Soc'y of Lloyd's, 3 F.3d 156, 159 (7th Cir. 1993) (quoting M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972)). "[W]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." Atlantic Marine Const. Co., Inc., 571 U.S. at 66. In a case involving a forum selection clause, a district court "should not consider arguments about the parties' private interests." Id. at 64. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their

4

witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." Id. "As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." Id.

## III. Discussion

Defendants' first argument is that any dispute regarding the Purchase Agreement should be exclusively governed by Cyprus law as per the forum selection clause in the Purchase Agreement. Although defendants acknowledge plaintiff's complaint on its face concerns the Note, they argue that because "the Note flowed directly out of the Purchase Agreement - the primary document creating and governing the financial transaction between the parties that is at issue in the [c]omplaint," the "Note is merely the instrument expressing the way in which the 3.17 million . . . was to be paid over time." Doc. 12 at 7. Defendants additionally argue that because the two forum selection clauses "conflict," the Purchase Agreement controls. This argument has no merit.

Plaintiff's complaint does not mention the Purchase Agreement. Plaintiff's allegations are limited to defendants' alleged failure to satisfy their payment obligations on the Note. There is no assertion that any of the parties were unsophisticated individuals incapable of contracting. The Supreme Court has stated, "[W]here it can be said with reasonable assurance that at the time they entered the contract, the parties to a freely negotiated private international commercial agreement contemplated the claimed inconvenience, it is difficult to see why any such claim of inconvenience should be heard to render the forum clause unenforceable." M/S Bremen, 407

5

U.S. at 16-17. See also CHC Cobrasource, Inc. v. Mangrove Cobrasource, Inc., 2012 WL 2116246, at *4 (N.D. Ill. June 11, 2012) (applied forum selection clause in Note, not Purchase Agreement, because the clause in the Note was unambiguous, the lawsuit was brought for the purpose of enforcing plaintiff's right to collect payments pursuant to the Note, and the presence of two forum selection clauses simply "demonstrate[d] the parties' understanding" of two forums for different types of claims); Fred Lurie Assocs., Inc. v. Global All. Logistics, Inc., 453 F. Supp. 2d 1351, 1357 (S.D. Fla. June 26, 2006) (because the parties entered into two agreements with different forums selected, the possibility that they would have to litigate claims in different forums was certainly a foreseeable outcome for the parties); Summers v. Guss, 7 F. Supp. 2d 237, 240 (W.D.N.Y. Feb. 26, 1998) (because plaintiff's complaint related only to the promissory note, which had no forum selection clause, it would not be appropriate to apply the forum selection clause in the stock purchase agreement). Here, the Purchase Agreement and Note are two separate contracts and, thus, no conflict exists between the two separate forum selection clauses. If defendants did not want to litigate claims arising under the Note in the Eastern District of Missouri, they should have bargained for different terms before executing the Note.

Defendants alternatively argue that if this Court does not find a conflict between the two forum selection clauses, the Court should read the two clauses together and find that this lawsuit arises from and relates most closely to the Purchase Agreement. In support, defendants cite to Nicolais v. Balchem Corp., 2015 WL 6436747 (E.D. Mo. Oct. 22, 2015), in which this Court granted a transfer to New York based on the doctrine of forum non conveniens. In Nicolais, the plaintiff argued that an employment agreement was a "transaction contemplated" by a stock purchase agreement and any disputes regarding the employment agreement should follow the

forum selection clause in the stock purchase agreement. Id. at *4. This rationale mirrors defendants' argument here.

However, Nicolais is distinguishable from the instant action because in that case the forum selection clause in the purchase agreement was permissive and the forum selection clause in the employment agreement was mandatory, requiring a different analysis. Here, the forum selection clause in the Note uses mandatory language, specifically that the parties "irrevocably and unconditionally waive[] and agree[] not to plead or claim in [the Eastern District of Missouri] that any such action, suit or proceeding . . . has been brought in an inconvenient forum[.] Doc. 1-1 at 2. See Exp.-Imp. Bank of U.S. v. Hi-Films S.A. de C.V., 2010 WL 3743826, at *6 (S.D.N.Y. Sept. 24, 2010) (a forum selection clause is mandatory when it prohibits parties from objecting to venue on the grounds of inconvenient forum); see also Strategic Mktg. & Commc'ns, Inc. v. Kmart Corp., 41 F. Supp. 2d 268, 273 (S.D.N.Y. Oct. 19, 1998) (when a forum selection clause uses mandatory language, rather than permissive, deference to the parties' agreed-upon venue is the most appropriate).

Moreover, despite being distinguishable, the ultimate reasoning in Nicolais supports enforcement of the Note's forum selection clause. In that case, the Court stated: "[T]he parties knew there was a forum selection clause in the [Purchase Agreement], but subsequently they agreed to the Employment Agreement with an arguably more restrictive forum selection clause. It is reasonable to conclude then, that the parties intended that suits involving the Employment Agreement would be brought in New York" because the Employment Agreement's forum selection clause mandates New York as the forum. Id. at *4. Similarly, plaintiff and defendants in this case knew there was a different forum selection clause in the Note, thus, it is

reasonable to conclude the parties intended that suits pursuant to the Note would be brought in the Eastern District of Missouri.

Defendants also argue the forum selection clause in the Purchase Agreement should prevail because they intend to allege a counterclaim that the Purchase Agreement was fraudulently induced by plaintiff. This argument has no merit. Again, plaintiff's complaint does not mention the Purchase Agreement and his allegations are limited to defendants' alleged failure to satisfy their payment obligations on the Note. Defendants' stated intent to respond to plaintiff's complaint with the inclusion of a counterclaim, which would potentially involve some analysis of the Purchase Agreement, has no bearing on venue and defendants fail to cite any cases where a court followed such a suggestion.

Defendants also seem to suggest that this case would be better adjudicated in the Republic of Cyprus because they intend to file a lawsuit against plaintiff in that forum. Whether defendants file a lawsuit in the Republic of Cyprus against plaintiff alleging claims under the Purchase Agreement has no bearing on venue in the instant action. See Superior Care Pharmacy Inc. v. Med. Shoppe Int'l, Inc., 2011 WL 597065, at *5 (S.D. Ohio Feb. 10, 2011) (litigating in multiple forums due to separate forum selection clauses is "not sufficient to invalidate a forum-selection clause.") (citing Fred Lurie Assocs., Inc., 453 F. Supp. 2d at 1356-57).

To the extent defendants are attempting to allege that the forum selection clause in the Note is invalid because they were fraudulently induced by plaintiff to execute the Note is also not persuasive. The Eighth Circuit has held that fraud will only render a forum selection clause invalid "if the *inclusion of that clause in the contract* was the product of fraud or coercion[,]" whereas an allegation that the entire contract was entered into as a result of fraud will not

8

invalidate a forum selection clause. Marano Enters. of Kans. v. Z-Teca Restaurants, L.P., 254 F.3d 753, 757 (8th Cir. 2001) (emphasis in original) (quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.14 (1974)); see also Oxysure Therapeutics, Inc. v. Gemini Master Fund, Ltd., 2016 WL 4083241, at *4 (E.D. Tex. July 8, 2016) (citing Haynsworth v. The Corp., 121 F.3d 956, 962 (5th Cir. 1997) (citations omitted) ("Allegations of such [fraudulent] conduct as to the contract as a whole - or portions of it other than the . . . [forum-selection] clause - are insufficient; the claims of fraud or overreaching must be aimed straight at the [forum-selection] clause in order to succeed."). Because defendants do not allege that the Note's forum selection clause was obtained through fraud, the clause is presumed valid.

Lastly, the Court does not find that there is a unique or compelling public interest that would weigh against the parties litigating this action in the Eastern District of Missouri or that this is an unusual case where the Republic of Cyprus' public interest outweighs that of Missouri. Defendants argue that because defendants Duckpond and Tharros are both citizens of the Republic of Cyprus and Duckpond is "managed in part from Cyprus," Cyprus has more of a public interest than Missouri. However, plaintiff is a citizen of Missouri and the Shareholders' Agreement was executed in Missouri, giving Missouri a similar public interest in providing a forum for its citizens to enforce contracts. Thus, the Court will give deference to the parties' choice of forum under the Note and deny defendants' motion to dismiss for improper venue.

Accordingly,

**IT IS HEREBY ORDERED** that defendants Duckpond Ltd., Tharros Emporium Ltd., and ICC Global Investments Ltd.'s motion to dismiss for improper venue pursuant to the doctrine of forum non conveniens is **DENIED**. [Doc. 11]

_/s/ Charles A. Shaw_
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   21st   day of October, 2019.